# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TOMMIE JONES,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| **vs.** | ) Civil Action No. 4:19-CV-01790-CLS |
| | ) |
| **ANDREW SAUL, Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Tommie Jones commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") and, thereby, denying his claim for supplemental security income benefits.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

---

[1] Doc. no. 1 (Complaint).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that: (1) the ALJ improperly rejected the opinion of examining consultative psychologist, Dr. June Nichols; (2) claimant is entitled to benefits under Listing 12.05C; (3) the ALJ's decision was not based on substantial evidence because the Vocational Expert was not presented with a full picture of claimant's complaints; and (4) claimant was prejudiced by lack of counsel at the hearing before the ALJ.[2] Upon review of the record, the court concludes that those contentions lack merit, and the Commissioner's ruling is due to be affirmed.

## I.  DISCUSSION

**A.     The ALJ Did Not Improperly Reject the Opinion of Dr. Nichols.**

Claimant first argues that the ALJ improperly rejected the opinion of June Nichols, Psy. D., who evaluated claimant's mental health at the direction of the Commissioner. Claimant argues that the ALJ's decision to go against Dr. Nichols's opinion should be considered "with a degree of suspicion." Doc. no. 9 (Brief in Support of Disability), at 17 (citing *Wilder v. Chater*, 64 F.3d 335, 337-38 (7th Cir. 1995). *Wilder* is not applicable. First, Dr. Nichols may be the only examining psychologist to provide an opinion, but that opinion is far from the only medical

---

[2] *See* doc. no. 9 (Brief in Support of Disability).

evidence in the 1,036-page record presented to this court.

Second, social security regulations regarding the evaluation of medical evidence were revised in early 2017, and those revisions apply to all claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Claimant filed his claim for disability on August 22, 2017.[3] Under these new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's own] medical sources." 20 C.F.R. § 416.920c(a). Instead, the ALJ evaluates each medical opinion using the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 416.920c(c). The ALJ is required to explain how he or she considered the supportability and consistency factors, as the ALJ did in this case.[4] *See* 20 C.F.R. § 416.920c(b)(2). Claimant does not argue that these new regulations are invalid. Indeed, he ignores the Commissioner's argument altogether.[5]

---

[3] *See* Tr. 166.

[4] *See* Tr. 30 ("[Dr. Nichols] did not provide any rationale to support [her opinions]. In addition, these opinions are not entirely consistent with the totality of the other evidence."); Tr. 31 ("[Dr. Register] provided abundant rationale that included citation to objective evidence documented in the administrative record and her opinions are generally consistent with the totality of the evidence.").

[5] *See* doc. no. 14 (Reply in Support of Disability), at 2-5.

Accordingly, the ALJ did not improperly reject the opinion of Dr. Nichols.

**B.     Claimant Is Not Entitled to Benefits Under Listing 12.05C.**

Claimant previously received benefits under Listing 12.05C, but those benefits were terminated on March 10, 2017, when claimant failed to show up for the medical improvement evaluation.[6] Claimant did not appeal that decision, but instead chose to file a new claim for disability on August 22, 2017.[7] Unfortunately for claimant, revised Listings went into effect on January 17, 2017, and the revised Listings removed Listing 12.05C. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,138 (Sept. 26, 2016). Accordingly, claimant would now be evaluated under Listing 12.05B, which provides:

> B.     Satisfied by 1, 2, and 3 (see 12.00H):
>
>    1.    Significantly subaverage general intellectual functioning evidenced by a or b:
>
>        a.    A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>
>        b.    A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an

---

[6] *See* Tr. 151-63.

[7] *See* Tr. 166.

>>individually administered standardized test of general intelligence; and
>
>2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
>   a. Understand, remember, or apply information (see 12.00E1); or
>
>   b. Interact with others (see 12.00E2); or
>
>   c. Concentrate, persist, or maintain pace (see 12.00E3); or
>
>   d. Adapt or manage onself (see 12.00E4); and
>
>3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05B. Claimant appeared to satisfy the first criterion under 12.05B(1)(a), because the record indicated that he was administered a Wechler Adult Intelligence Scale, 4th edition ("WAIS'IV"), test in May of 2013 that indicated a Verbal comprehension index score of 61, a Perceptual Reasoning Score of 84, a Working Memory Index score of 66, a Processing Speed Index score of 59, and a full scale IQ of 63.[8] The ALJ found, however, that claimant had no more

---

[8] Tr. 880.

5

than moderate limitations in any of the areas of adaptive functioning listed in 12.05B(2).[9] Further, claimant did not even attempt to argue that he had marked or extreme limitations in one or more of those areas of adaptive functioning.[10] Accordingly, the ALJ did not err in concluding that claimant was not disabled under Listing 12.05C.

## C.   The ALJ's Decision Was Supported by Substantial Evidence.

Claimant's argument that the ALJ's decision was not supported by substantial evidence is primarily based on his contention that the vocational expert was not posed a hypothetical question that encompassed all of claimant's ailments.[11]  The hypothetical posed to the vocational expert *did* contain all of the limitations the ALJ defined in claimant's residual functional capacity, however.[12]  Accordingly, this argument is without merit.

## D.   Claimant Was Not Prejudiced by Lack of Counsel.

Finally, claimant argues that he was not properly informed of his right to counsel at the hearing before the ALJ and, therefore, he did not effectively waive his

---

[9] Tr. 25-26 (finding moderate limitations with support from Dr. Register).

[10] *See* doc. no. 9 (Brief in Support of Disability), at 24-28; doc. no. 14 (Reply in Support of Disability), at 5-10.

[11] *See* doc. no. 9 (Brief in Support of Disability), at 28-30.

[12] *Compare* Tr. 27 (ALJ decision defining claimant's residual functional capacity) *with* Tr. 59-61 (Hearing Transcript, ALJ posing the hypothetical).

right to counsel.[13]  Specifically, claimant argues that he must be informed that he could possibly obtain free counsel who would be limited to attorney fees of 25% of any eventual award.  *See Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982). Because there is no indication that claimant was informed of the possibility of free counsel, it cannot be presumed that claimant voluntarily waived his right to representation. Claimant must also show, however, that he was prejudiced by his lack of counsel.  *See id.* ("Our inquiry does not end here, however, since [claimant] must show prejudice before we will find that the hearing violated his rights of due process.") (alteration supplied).  When a claimant appears *pro se*, the ALJ has a special duty to fully and fairly develop the record.  *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (quoting *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981) ("The ALJ's 'basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appears before him.'").  The special duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."  *Id.* (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978).  The ALJ met that obligation in this case, and claimant does not argue otherwise.

Claimant argues that if he had been represented, counsel could have:  (1)

---

[13] *See* doc. no. 9 (Brief in Support of Disability), at 30-32.

prepared and submitted a timely statement by a treating physician; (2) developed a better record of claimant's disabling pain and anxiety; (3) presented the chiropractic records; and (4) cross-examined the vocational expert.[14] Claimant fails to show, however, that any of these actions would have changed the ALJ's decision. Claimant was represented by counsel before the Appeals Council and did not submit a statement from a treating physician. Claimant's attorney submitted the chiropractic records, but the Appeals Council did not find them persuasive.[15] Accordingly, claimant has not shown he was prejudiced by lack of counsel at the hearing before the ALJ.

## II.  CONCLUSION

In summary, the court finds that the decision of the Commissioner was in accordance with applicable law and supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

**DONE** and **ORDERED** this 11th day of September, 2020.

_____
Senior United States District Judge

---

[14] *See* doc. no. 9 (Brief in Support of Disability), at 31.
[15] *See* Tr. 2.